ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 06-300M |
| ) | |
| ROGER G. STILLWELL, ) | 18 U.S.C. § 1018 |
| ) | (Making a False Certificate or Writing) |
| Defendant. ) | |
| ) | |

FILED
AUG 11 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America and the defendant, ROGER G. STILLWELL, agree as follows:

1. The defendant is entering into this agreement and is pleading guilty freely and voluntarily without promise or benefit of any kind, other than contained herein, and without threats, force, intimidation, or coercion of any kind.

2. The defendant knowingly, voluntarily, and truthfully admits the facts contained in the attached Factual Basis for Plea.

3. The defendant agrees to plead guilty to an Information charging him with one count of Making and Using a False Certificate or Writing in violation of 18 U.S.C. § 1018 (Class A misdemeanor). The defendant admits that he is guilty of this crime, and the defendant understands that he will be adjudicated guilty of this offense if the Court accepts his guilty plea.

4. The defendant understands the nature of the offense to which he is pleading guilty, and the elements thereof, including the penalties provided by law. The maximum penalty for a violation of 18 U.S.C. § 1018 includes: one year of imprisonment, a fine of $100,000, and a mandatory special assessment of $25. The defendant also understands that the Court may

impose a term of supervised release to follow any incarceration in accordance with Title 18, United States Code, Section 3583, and that, in this case, the authorized term of supervised release is not more than one year. 18 U.S.C. § 3583(b)(3). The defendant also understands that the Court may impose restitution, costs of incarceration, supervision, and prosecution.

5.      If the Court accepts defendant's plea of guilty, and the defendant fulfills each of the terms and conditions of this agreement, the United States agrees that it will not further prosecute the defendant for crimes described in the Factual Basis for Plea, attached as "Exhibit A" to this agreement, or discussed with the defendant during his interview with the United States on or about January 3, 2006. Nothing in this agreement is intended to provide any limitation of liability arising out of any acts of violence.

6.      The defendant understands and agrees that Federal sentencing law requires the Court to impose a sentence which is reasonable and that the Court must consider the advisory U.S. Sentencing Guidelines in determining a reasonable sentence. Defendant also understands that sentencing is within the discretion of the Court and that the Court is not bound by this agreement. Defendant understands that facts that determine the offense level will be found by the Court at sentencing and that, in making those determinations, the Court may consider any reliable evidence, including hearsay, as well as provisions or stipulations in this plea agreement. Both parties agree to recommend that the Sentencing Guidelines should apply pursuant to United States v. Booker, 543 U.S. 220 (2005), and its progeny, and that the final Sentencing Guidelines offense level as calculated herein provides for a reasonable sentence. Defendant further understands the obligation of the United States to provide all relevant information regarding the defendant, including charged and uncharged criminal offenses, to the U.S. Probation Office in

accordance with Paragraph 7 below.

7. Except to the extent that it would be inconsistent with other provisions of this agreement, the United States and the defendant reserve, at the time of sentencing, the right of allocution; that is, the right to describe fully, both orally and in writing, to the Court the nature, seriousness, and impact of the defendant's misconduct related to the charges against him or to any factor lawfully pertinent to the sentence in this case. The United States will also advise the Court of the nature, extent, and timing of the defendant's cooperation. The defendant further understands and agrees that in exercising this right, the United States may solicit and make known to the U.S. Probation Office and the Court the views of the law enforcement agencies which investigated this matter.

8. The defendant and the United States agree that the following U.S. Sentencing Guidelines ("Sentencing Guidelines") analysis applies to this case:

    a. The offense of Making a False Certificate or Writing, 18 U.S.C. § 1018, is governed by U.S.S.G. § 2B1.1 (2003).

    b. The total offense level applicable to the defendant is Level 6, based upon U.S.S.G. § 2B1.1(a)(2), before taking into consideration a reduction for Acceptance of Responsibility under U.S.S.G. § 3E1.1(a).

    c. The United States agrees that it will recommend that the Court reduce by two levels the Sentencing Guideline applicable to the defendant's offense, pursuant to U.S.S.G § 3E1.1(a), based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States further agrees that it: (1) will not oppose a sentence at the low end of the applicable Sentencing Guideline; and (2) will not

ask that the defendant be detained pending sentencing. The United States, however, will not be required to make this or any other recommendation specified herein if any of the following occurs: (1) the defendant fails or refuses to make a full, accurate, and complete disclosure to the United States or the Probation Office of the circumstances surrounding the relevant offense conduct; (2) the defendant is found to have misrepresented facts to the United States prior to entering this plea agreement; (3) the defendant commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or Federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or (4) the defendant fails to comply with the terms of this plea agreement.

d.  The defendant understands that his Criminal History Category will be determined by the Court after the completion of a Pre-Sentence Investigation by the Probation Office. The defendant acknowledges that the United States has not promised or agreed that the defendant will or will not fall within any particular Criminal History Category and that such determinations could affect his Sentencing Guideline range and/or offense level as well as his ultimate sentence.

e.  The parties agree that U.S.S.G. § 5E1.2 provides that the Court shall impose a fine in an amount to be determined after the Court has determined the applicable guideline for the offense, unless the Court finds that the defendant is unable to pay a fine.

9. The defendant and the United States agree that neither party will seek, advocate for, or suggest in any way an adjustment to or a departure from the Sentencing Guidelines other than those explicitly set forth in this agreement or for a sentence outside of the range determined to be applicable under the advisory Sentencing Guidelines. In the event that the defendant breaches this plea agreement, the United States may move for upward departures based upon any grounds the United States deems appropriate.

10. The defendant agrees that he will cooperate fully, completely, and truthfully with all investigators and attorneys of the United States, by truthfully providing all information in his possession relating directly or indirectly to all criminal activity and related matters which concern the subject matter of this investigation and of which he has knowledge, or relating to other matters deemed relevant to the United States. This includes, but is not limited to, participating in a full debriefing by attorneys and investigators within the U.S. Department of Justice, Criminal Division, Public Integrity Section and Fraud Section, the U.S. Department of the Interior Office of the Inspector General, and the Federal Bureau of Investigation *prior to sentencing*. The parties agree that the defendant has the right to the presence and advise of counsel during this and any future debriefing by the United States in connection with this matter unless affirmatively waived by the defendant.

11. The defendant agrees that, if the Court accepts his guilty plea, he will voluntarily and immediately resign his position within the U.S. Department of the Interior upon the written request of an authorized official within the Department of the Interior. The defendant further agrees that, should he seek employment with the United States Government within the next five (5) years, he will notify any potential Federal employer of this conviction.

12. The United States cannot and does not make any promise or representation as to what sentence the defendant will receive or what fines or restitution, if any, the defendant may be ordered to pay. The defendant understands that the sentence in this case will be determined solely by the Court, with the assistance of the Probation Office, and that the Court may impose the maximum sentence permitted by the statute. The Court is not obligated to follow the recommendations of either party at the time of sentencing. The defendant will not be permitted to withdraw his guilty plea regardless of the sentence recommended by the Probation Office or imposed by the Court.

13. The defendant, knowing and understanding all of the facts set out herein, including the maximum possible penalty that could be imposed, and knowing and understanding his right to appeal the sentence as provided in 18 U.S.C. § 3742, hereby expressly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).

14. If the defendant fails to comply with any of the terms and conditions set forth in this agreement, the United States may fully prosecute the defendant on all criminal charges that can be brought against the defendant. With respect to such a prosecution:

    a. The defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, or any other Federal rule, that the defendant's statements pursuant

to this agreement or any leads derived therefrom should be suppressed or are inadmissible;

      b.    The defendant waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements the defendant has made; and

      c.    The defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this agreement is signed by the parties.

15.    The parties agree that if the Court does not accept defendant's plea of guilty, then this agreement will be null and void.

16.    The defendant understands that this agreement is binding only upon the Criminal Division of the U.S. Department of Justice. This agreement does not bind any other prosecutor's office or agency. It also does not bar or compromise any civil or administrative claim pending or that may be made against defendant. If requested, however, the Public Integrity Section and the Fraud Section will bring this agreement to the attention of any other prosecuting jurisdiction and ask that jurisdiction to abide by the provisions of this plea agreement. The defendant understands that other prosecuting jurisdictions retain discretion over whether to abide by the provisions of this agreement

17.    This agreement and the attached Factual Basis for Plea constitute the entire agreement between the United States and the defendant. No other promises, agreements, or representations exist or have been made to the defendant or the defendant's attorneys by the Department of Justice in connection with this case. This agreement may be amended only by a writing signed by all parties.

June  5 , 2006

| FOR THE DEFENDANT: | FOR THE UNITED STATES: |
|---|---|
| | ANDREW LOURIE<br>Acting Chief<br>Public Integrity Section |

*[signature]*
ROGER G. STILLWELL
DEFENDANT

By: *[signature]*

ARMANDO O. BONILLA
KARTIK K. RAMAN
Trial Attorneys
Public Integrity Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, NW – 12th Floor
Washington, DC  20005
T: 202-616-2983 / F: 202-514-3003
PAUL E. PELLETIER
Acting Chief, Fraud Section

*[signature]*
JUSTIN P. MURPHY, ESQ.
RICHARD L. BEIZER, ESQ.
Crowell & Moring
1001 Pennsylvania Ave.,
NW Washington, DC 20004
T: 202-624-2536 / T: 202-624-2590
F: 202-628-5116

GUY D. SINGER
NATHANIEL B. EDMONDS
Trial Attorneys
Fraud Section
U.S. Department of Justice
Washington, DC